IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-50-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LINDSAY LEON DINKINS, | ) | |
| | ) | |
| Defendant. | ) | |

On July 5, 2011, Lindsay Leon Dinkins ("Dinkins") pleaded guilty, without a plea agreement, to robbery of a business engaged in interstate commerce in violation of 18 U.S.C. § 1951 [D.E. 22]. On October 6, 2011, the court sentenced Dinkins to 180 months' imprisonment [D.E. 28]. Dinkins did not appeal.

On June 25 and 27, 2016, Dinkins filed motions to vacate under 28 U.S.C. § 2255 [D.E. 34, 35]. Dinkins alleged that he is no longer a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 35]; cf. Presentence Investigation Report ("PSR") [D.E. 23] ¶ 45 (designating Dinkins as a career offender). Dinkins also alleged ineffective assistance of counsel, based on defense counsel's failure to object to his career-offender designation. See [D.E. 35].

On November 22, 2016, the court stayed this action pending the Supreme Court's decision in Beckles v. United States. See [D.E. 40]. On March 6, 2017, the Supreme Court decided Beckles. Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Court held that the advisory "Guidelines are not subject to vagueness challenges under the Due Process Clause. The residual clause in [section] 4B1.2(a)(2) therefore is not void for vagueness." Id. at 892. On June 26, 2017, the government moved to lift the stay, responded in opposition to Dinkins's motions, and argued that Beckles defeats Dinkins's claims. See [D.E. 44] 2–3.

Beckles defeats Dinkins's claim that Johnson invalidates his status as a career offender. See, e.g., Beckles, 137 S. Ct. at 892; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017).

As for Dinkins's ineffective assistance of counsel claim, Beckles also defeats that claim. The Sixth Amendment does not require a lawyer to make a baseless objection. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009).

In sum, the court GRANTS the government's motion to lift stay [D.E. 43], DISMISSES Dinkins's motions to vacate [D.E. 34, 35], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 25 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge